SAMUELS v. HOLLIDAY. See Case No. 12,-288.

SAMUEL STRONG, The (WICK v.). See Case No. 17,607.

# Case No. 12,290.

## The SAM WELLER.

[5 Ben. 293.] [1]

District Court, E. D. New York. July, 1871.

COLLISION IN THE SOUND—LOOKOUT AND LIGHT—EVIDENCE.

1. Two schooners, the S. A. and the S. W., came in collision in a dark night in the Sound, off Black Rock, the S. A. being sunk. A careful lookout was kept on the S. W., and her witnesses all testified that while lights on other vessels were seen, and they were avoided, there were no lights on the S. A., and she could not be seen till the collision was inevitable. The witnesses from the S. A. testified that her lights were set and burning, and that they were both taken down burning after the collision, and put into the boats and brought away still burning, although the vessel sunk so rapidly that they did not have time to save all their clothes. *Held*, that the evidence of a careful lookout, that no light could be seen on a vessel approaching him, is affirmative evidence that no light was burning on her.

[Cited in The Monmouthshire, 44 Fed. 698.]

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

2. The evidence of the saving of the lights of the S. A., under the circumstances, cast suspicion on her case.

3. On all the evidence, the S. A. did not have her lights properly set and burning, and was responsible for the collision.

[Cited in The Amboy, 22 Fed. 556; The Drew, 35 Fed. 791.]

This was a libel by the owners of the schooner Sophy Ann to recover for the loss of the schooner, which was sunk in the Sound, off Black Rock, in a collision with the schooner Sam Weller. The night was dark. There was controversy as to the wind, and as to the courses of the respective vessels, and as to whether the Sophy Ann had her lights properly burning.

Beebe, Donohue & Cooke, for libellants.
Benedict & Benedict, for respondents.

BENEDICT, District Judge. This cause is by no means free from doubt. The evidence is very conflicting. I have in vain sought for some ground on which it could be reconciled, and I find difficulty in adopting any of the theories put forward by the advocates.

I now rest my decision upon a single point, upon which the impression formed at the hearing is rather confirmed than diminished by an examination of the evidence. This point is the absence of lights on the Sophy Ann. The men on the Sam Weller, who were watchful and saw lights of other vessels, declare very positively that the Sophy Ann was close upon them before they saw her, and that she had no lights displayed. The men from the Sophy Ann declare that the lights were set and burning; and in confirmation of their assertion they say that after the collision both the signal lanterns were taken down lighted, and placed in the boat and carried with them when they abandoned their sinking vessel.

Now, while it is possible that some good reason existed for securing both the signal lanterns, above all other things, and taking them in the boat, none has been suggested which satisfies my mind, and I frankly confess that an unfavorable impression of the libellants' case was produced by this circumstance, which I have been unable to shake off. The collision was sudden, the injury to the Sophy Ann severe, and she was filling rapidly. The men say they did not have time to pick up their clothes, and they saved only a part of them, yet they took both lanterns and placed them in their boat and carried them with them, and say they were taken from the rigging burning. The witness Kelly, to strengthen his statement that the lanterns were not lighted after the collision, says they had no matches in the boat to light them with. But the master appears to have provided himself with matches for some purpose, which had been accomplished when he reached a schooner at anchor in Black Rock harbor, for he there produced from his pocket an ordinary gross package of matches nearly

three-quarters full, which he gave to the master of that schooner. I must also say that the appearance of the witness Kelly on the stand tended to convey the impression that something about the lights was kept back, and after being positive that they were lit when placed in the boat, he finally says, "I don't remember about them lanterns. I didn't take much notice. I didn't pay much attention to them." There is, besides, considerable conflict between the libellant's witnesses in regard to the lights, and further, the lanterns were not produced in court, and their size is not thus shown. It is this feature of the case which leads me to adopt the evidence of the three witnesses of the Sam Weller, who say the lights of the Sophy Ann were not burning when she approached the Sam Weller.

That the rule requiring signal lights to be displayed is not always observed, is well known. The neglect in this respect has been made the subject of remark in public discussion (see pages 84 and 85 of "Rule of the Road at Sea," issued by Bureau of Navigation, Navy Department, 1868). I myself have seen instances of it, and yet in cases of collision before the courts, where an absence of lights is charged, witnesses almost invariably appear who swear that the lanterns were duly set and burning at the collision; and the rule is invoked that affirmative evidence of the position of affairs on their own vessel is better than negative evidence from the other vessel.

But the question is not whether the lights were set burning, but whether they were kept burning. Lights will go out sometimes, and the occurrence pass unnoticed for a while by those whose whole attention is directed ahead; and clear evidence that a careful lookout, watching for lights, could not see a vessel approaching till upon him, and that then he saw her without lights, is certainly strong affirmative evidence to show that no light was then burning on the approaching vessel. Such is the proof here. There was such lookout on the Sam Weller. Other vessels with lights were seen and avoided. This vessel was not seen till close at hand, and when seen no lights were to be discovered.

I am satisfied that no collision would have occurred if the Sophy Ann had been seen as soon as proper lights on her ought to have been seen by a careful lookout, and consider the failure sooner to see the Sophy Ann to have been the real cause of the disaster. This arose either from a want of proper lookout on the Sam Weller or the absence of proper lights on the Sophy Ann.

My opinion, upon the whole, is that the latter is the true conclusion to be drawn from the evidence as it stands, and I must, therefore, dismiss the libel.